Rusty Graf, Esq.
Nevada Bar No. 6322
BLACK & LOBELLO
10777 w. Twain Ave., Suite 300
Las Vegas, Nevada 89135
T: 702-869-8801
F: 702-869-2669
rgraf@blacklobello.law
Attorneys for BART'S ELECTRIC COMPANY, INC.

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, for the Use and Benefit of BART'S ELECTRIC COMPANY, INC., *A Missouri Corporation*, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED EXCEL CORPORATION, *A Kansas Corporation*; LIBERTY MUTUAL INSURANCE COMPANY, *A Massachusetts Corporation*, <br><br> Defendants. | CASE NO.: 2:18-cv-02168 |

**PLAINTIFF'S UNOPPOSED MOTION FOR STAY OF PROCEEDINGS PENDING CONCLUSION OF MEDIATION AND ARBITRATION**

Plaintiff, UNITED STATES OF AMERICA, for the Use and Benefit of BART'S ELECTRIC COMPANY, INC., a Missouri Corporation ("Bart's" and/or "Plaintiff"), by and through its counsel of record, BLACK & LOBELLO, hereby brings its Motion to Stay Proceedings pursuant to the Arbitration Clause contained within the Contract between and among the real parties in interest. See attached **Exhibit "1"**.

I. **INTRODUCTION AND FACTUAL BACKGROUND**

Defendant, United Excel Corporation ("UEC") is engaged in the business of providing construction services, including providing and performing construction services on federal

construction projects. On or about September 27, 2012, UEC was awarded a contract at Nellis Air Force Bank in Las Vegas, Nevada for the Medical Center Realignment (the "Project") by the U.S. Army Corps of Engineers. ("USACE" or the "Owner") in the total amount of $70,971,960, identified as Contract No. W9126G-08-D-0055, Task Order No. CL-04 (the "Prime Contract"). See attached Exhibit 1. On or about January 14, 2013, Bart's executed and entered into a written contract with UEC to act as a subcontractor on the Project for electrical work required by the Prime Contract. A true and accurate copy of the written and executed Subcontract Agreement between UEC and Bart's for the Project dated December 19, 2012 (the "Subcontract") is attached as **Exhibit "2"**. The Subcontract provides for Kansas law to govern the parties' disputes. The Subcontract was based on UEC's form subcontract. Defendant, Liberty Mutual Insurance Company ("Liberty") is a corporate surety that provided a payment bond for the Project pursuant to 40 U.S.C. § 3131 (the "Miller Act Bond").

The contract amount for Bart's work on the Project under the Subcontract was the cost of the work plus a fee of 20%, with a guaranteed maximum price of $13,693,914. Agreed change orders between Bart's and UEC for work on the Project increased the guaranteed maximum price under the Subcontract to $13,864,369.

Bart's performed all of the work on the Project required by the Subcontract and invoiced UEC a total amount of $13,864,369. UEC made payments to Bart's for work on the Project totaling only $13,743,664.48, leaving an unpaid principal balance due of $120,704.52. In addition, Bart's alleges design errors by United Excel Design, PC ("UED") and impacts by Mill Creek, L.L.C. ("Mill Creek") that caused substantial costs and damages on the Project in excess of $800,000.

The Subcontract provides for Mediation and binding Arbitration between Bart's and UEC regarding unresolved disputes on the Project. As a result, Bart's and UEC have agreed to a stay

of this action pending a conclusion of Mediation and Arbitration proceedings among Bart's, UEC and Liberty that will take place in the Kansas City, Missouri metropolitan area.

## II. LEGAL ARGUMENT

"Courts have inherent power to stay the cases before them as a matter of controlling their own docket and calendar." *City of Henderson v. Span Sys.*, 2013 U.S. Dist. LEXIS 36129, at *3–4, 2013 WL 1104428 (D. Nev. Mar. 15, 2013) (citing *Landis v. North American Co.*, 299 U.S. 248, 254–55, 57 S.Ct. 163, 81 L.Ed. 153 (1936)). In evaluating a motion to stay, the Court considers the goal of Federal Rule of Civil Procedure 1, which provides that the Rules shall "be construed and administered to secure the just, speedy, and inexpensive determination of every action." *See Kidneigh v. Tournament One Corp.*, 2013 WL 1855764, at *2 (D. Nev. May 1, 2013). The case law in this District makes clear that requests to stay all discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

In addition, the Federal Arbitration Act ("FAA") applies – as here – to transactions involving interstate commerce. 9 U.S.C. § 2. *See also Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 277 (1995). The FAA further specifically provides that a court "shall on application of one of the parties stay the trial" of "any suit or proceeding" brought "upon any issue referable to arbitration under [an arbitration] agreement . . . until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. *See also* Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218, (1985).

The arbitration is binding and therefore is dispositive of the actions pled here. Moreover, the parties are in agreement as to proceeding through arbitration before completing this legal

Page 3 of 5

action. In fact, the lawsuit may be moot following the adjudication of the parties' rights in the binding arbitration process. In addition, the Court has inherent authority to enter a stay of this action pending arbitration, regardless of the FAA. *Portland Gen. Elec. Co. v. Liberty Mut. Ins. Co.*, 862 F.3d 981 (9th Cir. 2017).

### III. CONCLUSION

Plaintiff respectfully requests that this Court enter an order staying this matter for the parties to proceed with and complete the binding arbitration as contractually agreed upon.

DATED this 19th day of December 2018.

**BLACK & LOBELLO**

_____
Rusty Graf, Esq.
Nevada Bar No. 6322
10777 W. Twain Ave., Suite 300
Las Vegas, Nevada 89135
*Attorney for Plaintiff*

### ORDER

**IT IS HEREBY ORDERED** that the above Unopposed Motion for Stay of Proceedings, (ECF No. 12), is **GRANTED. IT IS FURTHER ORDERED** that the parties will provide a status report of the pending FAA dispute by Friday, March 8, 2019, and every forty-five (45) days thereafter.

**DATED** this __23__ day of January, 2019.

_____
Gloria M. Navarro, Chief Judge
UNITED STATES DISTRICT COURT

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT on the 19th day of December 2018, I served a true and correct copy of the foregoing PLAINTIFF'S MOTION TO STAY PROCEEDINGS PENDING CONCLUSION OF MEDIATION OR ARBITRATION through the Court's EM/ECF system:

_____
An Employee of Black & LoBello